## Case No. 1,092.
### BASS v. DINWIDDIE.
[Brunner, Col. Cas. 190;[1] Cooke, 130.]

Circuit Court, W. D. Tennessee. 1812.

EJECTMENT — OCCUPANCY — QUESTION OF FACT— STATUTE CONSTRUED — OCCUPANT LAW —VALIDITY OF—TITLE—OLDEST GRANT AS EVIDENCE OF.

1. Occupancy is a question of fact for the jury. No person can claim the privileges of an occupant under the statute unless he has actually settled on land claimed.

2. The occupant law [1806] of this state, so far as it violates the compact with other states by giving preference to its citizens over those of the other states, is void.

3. The oldest grant is conclusive evidence of title at law, except in the single case of an elder legal entry.

At law. The plaintiff [lessee of Bass] is a citizen of North Carolina, and claimed the land in controversy by a grant, older in date than that under which the defendant claims. To obviate that the defendant produced in evidence an entry made on the 3d day of August, 1807, of an occupant claim, under the law of 1806, which was prior to the date of the plaintiff's grant. The plaintiff then produced an entry upon a military warrant made the 5th day of August, 1807. The offices for receiving and making entries were opened on the 3d day of August, 1807; but it appeared that no entry had been made until the 5th day of August, except as to occupant claims. The holders of warrants were obliged to have them listed, and then drew for priority of entry which was not done as to occupant claims.

---

[1] [Reported by Albert Brunner, Esq., and here reprinted by permission.]

The compact between North Carolina and Tennessee contains the following provision:— "That in the entering and obtaining titles to lands, no preference shall be given to the citizens of the state of Tennessee over citizens of any other state, claiming under North Carolina; nor shall any occupancy or possession give preference in entering or obtaining titles so as to injure or take away the right of any person now claiming by entry, grant, or otherwise, under North Carolina." This compact was ratified in the year 1804.

The section of the occupant law of 1806, under which the defendant made his entry, is as follows:—"That any person or persons who may have seated him, her, or themselves on any vacant and unappropriated land within the jurisdiction of this state, and who were in actual possession of the same at and before the 1st day of May in the present year, such person or persons shall be entitled to a preference of entering the same for three months after the first Monday in June next, upon any good and valid warrant."

Testimony was introduced to show an actual settlement at and before the 1st day of May, 1806; but this point was controverted by other evidence. [Judgment for plaintiff.]

Mr. Dickinson, for plaintiff.

Mr. Haywood, for defendant.

BY THE COURT.—The question of occupancy is a question of fact to be determined by the jury. One thing, however, is certain, that unless the occupant was seated on, and in actual possession of, the premises at and before the first day of May, 1806, he was not as such entitled to make his entry. The privilege given was intended in favor of the actual settler, and before any person can claim the extension of it to him he must show that he comes within the law. But it has been argued by the counsel for the defendant that his entry is good, independent of the occupant law. To this it may be replied that he can no otherwise claim. At the opening of the office the holder of a warrant, desirous of making an entry, was to have it listed, and then draw for priority of entry. This was not necessary upon the warrants which were to be entered as occupant claims, nor was it done in the case of the defendant's warrant. This was a preference allowed to the occupant claimants over the common holder of a warrant. It also appears that the first entry made upon the listed warrants was on the 5th of August, two days after the defendant's entry. And besides, the entry upon the face of it expresses it to be an occupant claim. From hence it follows that the claim of the defendant must be viewed as an occupant claim.

It has been contended that the claim of the defendant is void, being derived from an act of assembly expressly violating the compact. The court are also of this opinion. The compact expressly declares that the state

of Tennessee shall give no preference to her own citizens over the citizens of any other state deriving title under North Carolina. The object of this was to place all claimants upon the same footing, and not to permit a fair and bona fide holder of a warrant to be postponed in favor of a citizen of Tennessee. The state of Tennessee has no power to perfect grants for land unless what is derived from the compact. If this be the case, how stand these claims? Both plaintiff and defendant hold warrants which they wish to enter. One of them is a citizen of North Carolina, and the other a citizen of Tennessee. The legislature of Tennessee pass a law declaring that an occupant who actually settles upon the land shall have a preference in entering the same at any time within three months from the first Monday in June, 1807. By virtue of this law the occupant enters the land at a time when the other holder of the warrant cannot make an entry because of the preference given to the occupant who is necessarily a citizen of Tennessee. Is this not giving a preference to the citizens of Tennessee over the citizens of any other state? There can be no doubt of it; and therefore the law in such respect is void. It may be also remarked that this cannot be called an act of the legislature in its sovereign capacity. The power to make any law on the subject is derived from a marked and designated authority. This authority cannot be exceeded, or the act will be void.

An attempt is made to liken this case to that of Ghilcrist v. Nixon, [unreported.] Without attempting to show all the distinctions that exist, we will remark that in that case both the entry and grant of Ghilcrist was of an elder date than that of Nixon. The real ground the court went upon in determining in favor of Ghilcrist was that we would not permit the consideration of the grant to be inquired into in a court of law. We were of opinion that the oldest grant was conclusive evidence of the title at law, except in the single case of an elder legal entry. That was not the case there, because Ghilcrist's grant was older than Nixon's entry. We were of opinion, under these circumstances, that the consideration of that grant could not be inquired into. That case, therefore, is not similar to the present.

NOTE. [from original report.] ' Relation between Elder Legal Entry and Later Grant.—See Donegan v. Taylor, 6 Humph. 503, citing case in text.